IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NORMA C. COMEAUX, ) | Civ. No. 06-00341 BMK |
| ) | |
| Plaintiff, ) | ORDER DENYING |
| ) | DEFENDANTS' SECOND |
| vs. ) | MOTION FOR SUMMARY |
| ) | JUDGMENT |
| STATE OF HAWAII, ) | |
| DEPARTMENT OF EDUCATION; ) | |
| JOHN DOES 1-20; JANE DOES 1- ) | |
| 20, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER DENYING DEFENDANTS' SECOND MOTION FOR
SUMMARY JUDGMENT

Defendants in this case first filed a motion for summary judgment on May 2, 2007. This motion was granted in part and denied in part on June 27, 2007 ("SJ Order"). Although Defendants argued that their failure to give Plaintiff any work between January 2004 and November 2004 did not constitute an adverse employment action, Judge Mollway ruled that Defendants "[did] not meet [their] burden as the movant of establishing that there is no factual dispute about whether there was an adverse employment action." (SJ Order 18.) Similarly, Judge Mollway also ruled at that time that Defendants had failed to meet their burden of proof in making its arguments that other substitute custodians were not "similarly

situated," (SJ Order 19), and that the State had a legitimate nondiscriminatory reason for its actions, (SJ Order 21).

On July 12, 2007, Defendants filed a motion for reconsideration, which Judge Mollway denied.  On August 31, the parties consented to have the case tried by a Magistrate Judge.

Defendants have now filed a second motion for summary judgment.  They once again argue that there was no adverse employment action taken against Plaintiff, and that even if there was, Plaintiff was not similarly situated with the other substitute custodians who were allegedly given work, and that legitimate nondiscriminatory reasons existed for the State's employment decisions.  Plaintiff argues in her opposition that "[t]hese matters were already ruled upon and are the law of this case."  (Defs.' Opp. 2.)  Defendants respond that denial of a motion for summary judgment does not constitute law of the case, and that they should therefore be allowed to bring a subsequent motion for summary judgment.[1]

---

[1] Defendants also correctly contend that Plaintiff's opposition was not timely filed, and request that the opposition be stricken on this ground.  Local Rule 7.4 requires that "[a]n opposition to a motion set for hearing shall be served and filed not less than eighteen (18) days prior to the date of hearing." L.R. 7.4.  Local Rule 6.1 provides that where the Local Rules "require papers to be filed 'not more than' or 'not less than' a designated period after or before a specified event, and whenever the outside limit of the designated period is not a business day, such papers shall be filed no later than the previous business day to ensure filing 'not more than' or 'not less than' the designated period." L.R. 6.1.

Here, the hearing was set for November 14, so Plaintiff's opposition due date would have fallen on Saturday, October 27.  Under Local Rule 6.1, this meant that Plaintiff's opposition was due on Friday, October 26, "to ensure filing . . . 'not less than' the designated period.," L.R. 6.1.

Defendants are correct that the denial of a motion for summary judgment does not preclude a party from making those same arguments once again at some later stage in the case.  See, e.g. Preauseau v. Prudential Ins. Co. of America, 591 F.2d 74, 79-80 (9th Cir. 1979).  At the same time, however, a party may not use subsequent summary judgment motions as a vehicle to re-litigate previously-decided issues with a new gloss or new rhetorical strategy.  See M.L.G. Trust v. Government of the Republic of Indonesia, No. 89-C-6649, 1993 WL 214125, at *2 (N.D. Ill.) (denying summary judgment where the movant "merely rehashe[d] many of the same arguments which [the] court considered in the previous motion for summary judgment"); see also U.S. v. Jasin, 292 F. Supp. 2d 670, 693 (E.D. Pa. 2003) (rejecting arguments made in a subsequent motion that were not raised in the prior motion).

---

Plaintiff filed her opposition on Monday, October 29, and so it was not timely under Local Rules 6.1 and 7.4.  She argues, however, that it was timely under Rule 6 of the Federal Rules of Civil Procedure, which states that for "any period of time prescribed or allowed by these rules . . . . [t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the end of the next day."  Fed. R. Civ. P. 6(a).

     Plaintiff's argument fails because the oppositions deadline of the Local Rules does not fall within the ambit of Rule 6(a).  There is no "last day of the period" in Local Rule 7.4, because it requires compliance "not less than" a set number of days, and "not less than" is specifically defined.  Thus, Plaintiff's opposition was not timely.  Nonetheless, given that the opposition was only one day late, and acknowledging the possibility of confusion engendered by the differences between the Federal Rules and the Local Rules, the Court declines to impose a sanction as severe as striking Plaintiff's opposition.

Here, Defendants' motion would be more properly have been brought as a motion for reconsideration.  See Nicoletti v. Gates, No. CV972377CBMSHX, 2002 WL 1364114, at *1 (C.D.Cal.) (finding that where a motion for summary judgment "addresse[d] identical issues and arguments raised in a previous Motion for Summary Judgment," it should have been brought as a motion for reconsideration).  This is somewhat problematic for Defendants, however, since they already brought one motion for reconsideration of Judge Mollway's summary judgment order.

Moreover, even if the court were to consider this summary judgment motion as a second motion for reconsideration, it would still be denied.  First, Defendants fail to show why the new facts they rely upon were not previously available, which is one of the requirements for bringing a motion for reconsideration.  See Local Rule 60.1.  In fact, the bulk of the new evidence which Defendants failed to previously offer to the Court is evidence that has always been in Defendants' possession, namely, Defendants' own time records showing that Plaintiff was offered employment between January and June, 2004.  (See Mem. Supp. 11-13.)

Second, even if the Court were to reconsider its previous ruling based on this new information, a genuine issue of material fact still remains as to whether

4

the failure to hire Plaintiff between June and November of 2004 constituted an adverse employment action.  Defendants' new facts merely shorten the relevant time period; they do not negate any genuine issue of material fact.

Defendants' motion is therefore DENIED as being an improper subsequent motion for summary judgment that makes the same arguments previously made, with facts that were previously available.  Because Defendants' motion will not be addressed on the merits, a hearing on this matter is not necessary.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: November 8, 2007

Comeaux v. State of Hawaii, Civ. No. 06-00341; ORDER DENYING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT.